IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN MARES,

    Petitioner,

vs.                                         No. CIV 99-364 M/LCS

ELOY MONDRAGON, Warden, Guadalupe
County Correctional Facility,
and PATRICIA MADRID, Attorney
General for the State of New Mexico

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondents' Motion to Dismiss Claim One and Claim Two of the Petition, filed May 10, 1999 *(Doc. 10)*. For the reasons stated, I propose finding that the motion is well-taken and recommend that it be granted.

<u>Proposed Findings</u>

1. Petitioner John Mares is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Second Amended Judgment, Partially Suspended Sentence and Commitment of the Second Judicial District Court for the County of Bernalillo, State of New Mexico dated September 13, 1991 ("Judgment and Sentence"). By that Judgment and Sentence, Petitioner was convicted of criminal sexual penetration in the second degree, kidnaping, and aggravated battery. *See* Exhibit O to Respondents' Answer *(Doc. 9)*. The district judge found aggravating circumstances for the criminal sexual penetration and kidnaping charges, and Petitioner was sentenced to a total of twenty-four years of imprisonment. Three

1

years of the sentence was suspended, with Petitioner placed on three years probation following release from custody. Petitioner was also to serve two years mandatory parole after release from prison. The court allowed Petitioner 325 days of pre-sentence confinement. *See id.*

2. Petitioner appealed his conviction to the New Mexico Court of Appeals, raising all four of the claims that he brings in this petition. The court of appeals affirmed his conviction in part, reversed it in part, and remanded for resentencing. Petitioner applied to the Supreme Court for a writ of certiorari on May 20, 1991. *See* Ex. K to Respondent's Answer *(Doc. 9)*. In the application for certiorari, Petitioner raised the third and fourth issues presented in this petition, but he abandoned the first and second issues. *See id.* at 1. The Supreme Court denied the writ of certiorari, and issued its mandate to the district court on June 18, 1991. *See* Ex. N to Respondent's Answer *(Doc. 9)*.

3. On March 7, 1997, Petitioner applied to the state district court for a writ of *habeas corpus*, resurrecting the abandoned first and second claims as well as the third and fourth claims. *See* Ex. R to Respondent's Answer *(Doc. 9)*. The district court denied his petition on the grounds that the issues were previously addressed by the state court of appeals and resolved against Petitioner. *See* Ex. S to Respondent's Answer. The New Mexico Supreme Court initially granted certiorari review on the state *habeas corpus* petition, and heard oral arguments. *See* Exs. U, V, FF to Respondent's Answer. The New Mexico Supreme Court eventually quashed the writ of certiorari without an opinion on February 19, 1999. *See* Ex. FF to Respondent's Answer.

4. Respondents assert that the first two claims of this 28 U.S.C. §2254 petition for *habeas corpus* relief should be dismissed as procedurally defaulted. According to Respondent, Petitioner failed to raise those issues in his application for a writ of certiorari to the New Mexico

Supreme Court on direct appeal. Respondent contends that Petitioner abandoned the issues by failing to present the issues to the state's highest court on direct appeal. Thus, even though Petitioner raised the issue to the New Mexico district and supreme courts in his state *habeas corpus* petition, Respondent contends that there were adequate and independent state procedural grounds for the state courts to deny his petition.

5. Petitioner agrees that he did not raise his first two claims in the application for certiorari on direct appeal. However, he claims that the state courts considered his first two claims on the merits in the subsequent *habeas corpus* actions. According to Petitioner, this court must consider the merits of Petitioner's claim where the last state court to consider the matter reached the merits of his claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

6. Neither the state district court nor the New Mexico Supreme Court reached the merits of Petitioner's federal claims in denying his *habeas corpus* petition. The district court stated that it was denying the petition because the issues raised were previously considered by the Court of Appeals on direct appeal; therefore, the district court was precluded from reconsidering those issues in the context of a *habeas corpus* petition. *See* Ex. S to Respondent's Answer. This decision of the state district court relies exclusively on independent state grounds, and federal courts will not review federal law questions where the state court decision rests on adequate and independent state grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state supreme court initially granted a writ of *certiorari*, but quashed the writ without an opinion or explanation. *See* Exs. U, FF to Respondent's Answer. Petitioner is incorrect when he asserts that the Supreme Court must have reached the merits of his *habeas corpus* petition because it initially granted the writ of *certiorari*, accepted briefing, accepted an *amicus curiae* brief, and heard oral

argument on the issues. This court cannot speculate on the reasons why the New Mexico Supreme Court quashed the writ of *certiorari*, just as the Supreme Court refused to speculate that the Virginia Supreme Court considered the federal law claims in *Coleman* under similar circumstances. *See Coleman*, 501 U.S. at 727-28, 741, 744.

7. Even if Petitioner's claims are procedurally defaulted, this Court may entertain the claims if Petitioner is able to establish cause and prejudice. *See id.* at 750. Petitioner provides the Court with no explanation for his procedural default, but he asserts that he could establish cause and prejudice if counsel were appointed for him. *See* Petitioner's Response at 3. A *pro se* petitioner is under the same obligation to establish cause and prejudice as any other petitioner. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994). Without any explanation for the procedural default, this Court will not presume that cause and prejudice could be established if only an attorney were appointed for Petitioner. *See Coleman*, 501 U.S. at 750.

8. Petitioner correctly asserts that cause and prejudice need not be shown where a fundamental miscarriage of justice would result from a failure to entertain the constitutional claims. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal *habeas corpus* court may grant the writ even in the absence of a showing of cause for the procedural default." *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Petitioner asserts that he is actually innocent of the charges for which he was convicted. However, he fails to make an affirmative showing of actual innocence and instead relies solely on the record, claiming that there was insufficient evidence to support his conviction. *See* Petitioner's Response at 4. The test for a sufficient showing of actual innocence is whether the evidence, if viewed in the light of the record

4

as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty. *See Borrego v. United States*, 975 F. Supp. 520 (S.D.N.Y. 1997). The New Mexico Court of Appeals in its opinion pointed to specific evidence in the record from which a factfinder could have found Petitioner guilty of kidnaping, criminal sexual penetration in the second degree, and aggravated battery. *See* Ex. J to Respondent's Answer at 1-2, 8-11. In view of the fact that Petitioner cannot articulate any reason for challenging this evidence of his guilt, I propose finding that he has not made a *prima facie* showing of actual innocence.

## Recommended Disposition

I recommend that Respondents' Motion to Dismiss Claims One and Two of the Petition, filed May 10, 1999 *(Doc. 10)*, be GRANTED and that Claims One and Two of the Petition be DISMISSED with prejudice. Claims Three and Four of the Petition remain. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-364pfd