IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN MARES,**

       Petitioner,

vs.                                                                                                  Civ. No. 99-364 M/LCS

**ELOY MONDRAGON, et al.,**

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondents' Memorandum Brief, filed January 24, 2000 *(Doc. 19)*, which the Court interprets as a motion to dismiss for failure to state a claim of federal constitutional error. The Court has considered the motion, the memoranda of the parties, and the relevant law. For the reasons stated, I propose finding that the motion is well taken and recommend that it be granted.

### Proposed Findings

1.    The factual background for this Petition for Writ of *Habeas Corpus* was provided in the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 14, 1999 *(Doc. 15)*. The facts are repeated here to provide context for the remainder of the proposed findings and to make this document more readable.

2.    Petitioner John Mares is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Second Amended Judgment, Partially Suspended Sentence and Commitment of the Second Judicial District Court for the County of

1

Bernalillo, State of New Mexico dated September 13, 1991 ("Judgment and Sentence"). By that Judgment and Sentence, Petitioner was convicted of criminal sexual penetration in the second degree, kidnaping, and aggravated battery. *See* Exhibit O to Respondents' Answer *(Doc. 9)*. The district judge found aggravating circumstances for the criminal sexual penetration and kidnaping charges, and Petitioner was sentenced to a total of twenty-four years of imprisonment. Three years of the sentence was suspended, with Petitioner placed on three years probation following release from custody. Petitioner was also to serve two years mandatory parole after release from prison. The court allowed Petitioner 325 days of pre-sentence confinement. *See id.*

     3.     Petitioner appealed his conviction to the New Mexico Court of Appeals, raising all four of the claims that he brings in this petition. The court of appeals affirmed his conviction in part, reversed it in part, and remanded for resentencing. Petitioner applied to the Supreme Court for a writ of certiorari on May 20, 1991. *See* Ex. K to Respondent's Answer *(Doc. 9)*. In the application for certiorari, Petitioner raised the third and fourth issues presented in this petition, but he abandoned the first and second issues. *See id.* at 1. The Supreme Court denied the writ of certiorari, and issued its mandate to the district court on June 18, 1991. *See* Ex. N to Respondent's Answer *(Doc. 9)*.

     4.     On March 7, 1997, Petitioner applied to the state district court for a writ of *habeas corpus*, resurrecting the abandoned first and second claims as well as the third and fourth claims. *See* Ex. R to Respondent's Answer *(Doc. 9)*. The district court denied his petition on the grounds that the issues were previously addressed by the state court of appeals and resolved against Petitioner. *See* Ex. S to Respondent's Answer. The New Mexico Supreme Court initially granted certiorari review on the state *habeas corpus* petition, and heard oral arguments. *See* Exs. U, V,

FF to Respondent's Answer.  The New Mexico Supreme Court eventually quashed the writ of certiorari without an opinion on February 19, 1999.  *See* Ex. FF to Respondent's Answer.

   5. Petitioner filed the Petition in this case on March 31, 1999 *(Doc. 1)*.  On November 16, 1999, the Court dismissed the first two claims in the Petition on the grounds of procedural default.  *See* Order, filed Nov. 16, 1999 *(Doc. 16)*.  The Court set a briefing schedule on the remaining claims on November 22, 1999 *(Doc. 17)*.  All parties have now had the opportunity to brief the issue of whether the remaining two issues raised by Petitioner state a claim of cognizable federal constitutional error.

   6. Petitioner asserts that his constitutional rights were violated when the trial court allowed the jury to hear evidence of the date of Petitioner's prior conviction for a dissimilar crime.  On direct examination, Mares admitted to two prior felonies.  On cross examination, the prosecutor attempted to impeach Mares by asking whether he had been convicted on August 6, 1988 of robbery with a firearm, the crime having occurred on June 3, 1986, and whether he had been convicted on September 13, 1985 of criminal damage to property over $1,000.00, a crime that occurred on June 5, 1984.  Mares objected to any mention of the specific crimes as irrelevant, but the trial court overruled the objection.  Mares now cites Rules 403 and 609 of the New Mexico and Federal Rules of Evidence and *Old Chief v. United States*, 519 U.S. 172 (1997), for the proposition that the evidence of the date of conviction was more prejudicial than probative, especially because the conviction occurred only ten days after the date of the rape which he was accused of committing.

   7. In *Old Chief*, the Supreme Court held that the nature of a prior conviction that was admitted to prove an element of the crime of felon in possession of a firearm should not have

been admitted where the defendant offered to stipulate to that element of the offense.  The Supreme Court ruled that although relevant, the evidence of the nature of the offense was substantially more prejudicial than probative in view of the proffered stipulation by the defendant.

        8.       The situation here is quite dissimilar to *Old Chief*.  Here, the evidence is being used to impeach Mares' credibility.  The evidence of the date and nature of a prior felony conviction is probative of the witness' credibility because certain felony convictions involve greater degrees of dishonesty than others, and older felony convictions are less probative of present truthfulness than more recent convictions.  *See United States v. Fawley*, 137 F.3d 458, 473 (7th Cir. 1998); *Archie v. State*, 721 A.2d 924, 928 (Del. 1998).  I note that the prosecution did not go into prejudicial details of the prior convictions, limiting the cross examination to the dates of the convictions, the dates of the offense, and the particular crime for which Mares was convicted.  Also lessening the danger of unfair prejudice is the fact that Mares' prior convictions were very dissimilar from the crime of rape for which he was on trial.  Thus, there is less likelihood that jurors will improperly use the impeachment evidence to infer Mares' propensity to commit rape than if the prior convictions were for more similar crimes.

        9.       Because this claim was adjudicated on the merits by the New Mexico state courts, *see State v. Mares*, 112 N.M. 193, 201, 812 P.2d 1341, 1349 (Ct. App.)*, cert. denied*, 112 N.M. 235, 814 P.2d 103 (1991), the provisions of 28 U.S.C. § 2254(d) apply.  To prevail on this petition, Mares must show that his claim resulted in a decision that either was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. __, __, 120 S. Ct. 1495, 1518

(2000) (opinion of the Court as to Part II, except for footnote, contained in opinion of O'Connor, J.).  Mares' claim is readily distinguished from *Old Chief*, and therefore the state court's decision was not contrary to clearly established federal law.  *See Williams*, 120 S. Ct. at 1523  (stating that under the "contrary to" clause, state court must reach a conclusion opposite to that of Supreme Court on a question of law or must decide a case differently on a set of mutually indistinguishable facts).  As to the "unreasonable application" prong, the date and nature of Mares' prior conviction has substantial probative value when used for impeachment purposes.  Furthermore, the danger of unfair prejudice was minimized in the manner it was used at trial, as discussed in paragraph 8, *supra*.  Therefore, the trial court's finding that introducing the date and nature of Mares' prior conviction was more probative than prejudicial cannot be said to be based on an unreasonable application of law or determination of the facts.  Thus, Mares' first claim, as a matter of law, does not satisfy either portion of 28 U.S.C. § 2254 (d).

   10. Mares' second claim is that he was deprived of his constitutional right to be present at trial when the trial judge conducted a seven-minute conversation in chambers outside the presence of the defendant or counsel with three prospective jurors who indicated that they wanted to speak to the judge privately.  *See Mares*, 112 N.M. at 196, 812 P.2d at 1344.  The trial judge reconvened with counsel present, and questioned each of the panel members on the record about the concerns they had expressed privately.  *See id.*  One panel member expressed a need to take hourly breaks, another needed to sit in the front row of the jury box due to a vision problem, and the third had a conflict because she was involved in litigation for which a hearing was scheduled for the next day.  *See id.*  The New Mexico Court of Appeals found that Defendant waived any objection to the procedure used by the trial judge, that Defendant's counsel had the

opportunity to participate in the process by questioning the panel members about their conversations with the trial judge, and that Defendant was not prejudiced by the judge's communication with the panel members. *See id.*, 112 N.M. at 197, 812 P.2d at 1345.

11.     Not all *ex parte* communications between the trial judge and a juror rise to the level of a constitutional deprivation. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985). Even when *ex parte* communications occur between a judge and juror during jury deliberations, there is no constitutional deprivation unless there is prejudice that results from the communication. *See Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999).

12.     Petitioner claims that prejudice should be presumed here because "there is no record of the *ex parte* communication between the trial judge and the prospective jurors. There is no means by which the defendant could have assessed the communication for prejudice." Petitioner's Resp. *(Doc. 23)* at 8. Petitioner is correct that under New Mexico law, prejudice is presumed when there are *ex parte* communications between a juror and the trial judge during deliberations or during the trial. *See Hovey v. State,* 104 N.M. 667, 670, 726 P.2d 344, 347 (1986)*; State v. Johnson*, 105 N.M. 63, 68, 728 P.2d 473, 378 (Ct. App. 1986). However, this presumption of prejudice does not extend to all communications between a judge and a juror or member of the venire panel. Under federal law, prejudice is presumed only if the private communication occurs with a juror during a trial about the matter pending before the jury. *See Crease*, 189 F.3d at 1193 (citing *Remmer v. United States*, 347 U.S. 227, 229 (1954)). Similarly, New Mexico law does not presume prejudice when the *ex parte* communication occurs before a jury is sworn. *See State v. Wilson,* 109 N.M. 541, 545, 787 P.2d 821, 825 (1990); *State v. Ramming*, 106 N.M. 42, 48, 738 P.2d 914, 921 (Ct. App. 1987). Under the facts of this case, the

presumption of prejudice would not apply under either federal or state law.  Furthermore, in the context of federal *habeas corpus* review of a state conviction that has survived direct review by the state courts, any presumption of prejudice does not equate to a presumption of a constitutional deprivation.  *See Crease*, 189 F.3d at 1193.

      13.     Even if prejudice were presumed, the presumption would be rebuttable under either federal or state law.  *See Crease*, 189 F.3d at 1193; *Ramming*, 106 N.M. at 48, 738 P.2d at 921.  The state court found no prejudice based on the facts of the case.  *See State v. Mares*, 112 N.M. 193, 197, 812 P.2d 1341, 1345 (Ct. App. 1991).  A state court finding that a defendant was not prejudiced by an *ex parte* conversation between a judge and a juror is accorded deference by a federal court on *habeas corpus* review.  *See Crease*, 189 F.3d at 1193.  Mares has presented no reason to believe that the state court's finding of no prejudice was erroneous.

      14.     Under the facts of this case, Petitioner had the opportunity to participate in the process and to assess the communication for prejudice by questioning the panel members as to their communications with the judge on the record.  *See Mares*, 112 N.M. at 197, 812 P.2d at 1345.  Petitioner did not object to the judge's procedure at the time, and after the judge spoke to the panel members Petitioner was told of the substance of the conversation and given the opportunity to question the panel members about the conversation.  I conclude that the findings of the state court of appeals that Defendant waived any right to be present, that Defendant was afforded an opportunity to participate in the process, and the Defendant suffered no prejudice are all reasonable determinations of the facts in the record.

      12.     Because Petitioner has failed to establish that the New Mexico Court of Appeals' decision as to his claim of constitutional error concerning the *ex parte* conversation between the

trial judge and three panel members was contrary to clearly established law or involved an unreasonable determination of the facts, I propose finding that this claim should also be dismissed.

## Recommended Disposition

I recommend that Respondents' motion to dismiss, contained in its Memorandum Brief *(Doc. 19)* be granted and the Petition for Writ of *Habeas Corpus* be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-364pfd2